UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MEGHAN JOHNSON, CHERI GRAPES, and BETHANY STONEBRAKER, | )<br>)<br>)<br>) |
| Plaintiffs, | )    CV 99-PT-3199-M |
| vs. | )<br>) |
| GAGE MERCHANDISING SERVICES, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION

This cause comes to be heard on defendant Gage Merchandising Services's[1] ("Gage" or "defendant") Motion to Dismiss any and all Title VII claims brought by plaintiff Cheri Grapes ("plaintiff Grapes"), filed March 20, 2000. Upon the consideration of the record, the submissions of the parties, and the relevant law, it is the court's opinion that the motion is due to be granted.

## BACKGROUND

Gage employed plaintiffs Grapes, Johnson, and Stonebraker as Assistant Crew Coordinators in three different stores, under the same supervisor, around the same general time

---

[1] On April 11, 2000, the court granted plaintiffs' motion to substitute Gage Merchandising Services for the previously-named defendant, Professional Inventory Management and Merchandising Service.

1

period. Plaintiff Grapes asserts that she was forced to resign from her position around October, 1998 based on sex discrimination. Plaintiff Grapes never filed a charge of discrimination with the EEOC.

Plaintiff Johnson initiated this suit to recover damages for alleged violations of the Family and Medical Leave Act ("FMLA"), the Equal Pay Act ("EPA"), and the Fair Labor Standards Act ("FLSA") stemming from her termination from Gage around April 14, 1999. Prior to filing her lawsuit, Plaintiff Johnson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 22, 1999, alleging discrimination on the basis of her sex. The parties do not dispute that Plaintiff Johnson filed her EEOC charge within the mandatory 180 day period. Plaintiff Johnson commenced this employment discrimination case on December 1, 1999. She received her right to sue letter on February 17, 2000. On February 22, 2000, Plaintiff Johnson filed an Amended Complaint. Also on February 22, 2000, Plaintiff Johnson filed a Motion to Amend in order to add two additional plaintiffs, Bethany Stonebraker and Cheri Grapes, which this court granted on February 29, 2000. Plaintiffs Grapes and Stonebraker attempt to "piggyback" onto plaintiff Johnson's timely filed EEOC charge. In this motion, Gage disputes plaintiff Grapes's ability to do so.

## DISCUSSION

Defendant Gage argues that plaintiff Grapes cannot piggyback onto plaintiff Johnson's claim because the statute of limitations has already passed. Specifically, Gage asserts that under the "single-filing rule" developed by courts and accepted by the Eleventh Circuit, plaintiff Grapes's putative claim does not fall within the "same time frame" requirement, relying on Grayson v. K-Mart Corp., 79 F.3d 1086, 1102 (11th Cir. 1996), cert. denied, Helton v. K-Mart

Corp., 519 U.S. 982, and K-Mart Corp. v. Helton, 519 U.S. 987 (1996); and Jones v. Firestone Tire & Rubber Co., Inc., 977 F.2d 527 (11th Cir. 1992). Gage goes on to cite cases from other district and circuit courts which support the view that if a putative plaintiff's claim could not be raised within 180 days prior to the filing date of the EEOC charge onto which the putative plaintiff seeks to piggyback, then it is time-barred. See Laffey v. Northwest Airlines, Inc., 567 F.2d 429 (D.C. Cir. 1976); Morton v. ICI Acrylics, Inc., 69 F. Supp. 1038 (W.D. Tenn. 1999); Thiessen v. Storage Tech. Corp., 175 F.R.D. 672 (D. Colo. 1997); Brooks v. Bellsouth Telecommunications, Inc., 164 F.R.D. 561 (N.D. Ala. 1995), aff'd without opinion, 114 F.3d 1202 (11th Cir. 1997).

  Plaintiff Grapes asserts that the "same time frame" refers to the time period in which the allegedly discriminatory conduct occurred. In other words, plaintiff Grapes asserts that she and plainitff Johnson worked for Gage in the same position, with the same approximate duties, around the same time, with the same area manager, and were subject to similar discrimination by that area manager. Both allegedly were forced to resign based on their sex by the area manager around the same time, although approximately one year apart. Thus, plaintiff Grapes argues that the "same time frame" requirement is satisfied.

  Generally, a plaintiff must timely file an EEOC charge as a prerequisite to a Title VII suit. See Allen v. United States Steel Corp., 665 F.2d 689, 695 (5th Cir. Unit B 1982).[2] However, a putative plaintiff who has not filed an EEOC charge may rely on another plaintiff's

---

[2] In Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent all decisions of Unit B of the former Fifth Circuit handed down after September 30, 1981.

charge if: (1) the charge being relied upon was timely filed and not otherwise defective; and (2) the individual claims of the filing and non-filing plaintiffs arose out of similar discriminatory treatment in the same time frame. See Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 449 (11th Cir. 1993) (citing Jackson v. Seaboard Coast Line R.R., 678 F.2d 992, 1011-12 (11th Cir. 1982)).[3]

The purpose of requiring a plaintiff to file an EEOC charge within 180 days of the allegedly illegal act is to (1) give the employer prompt notice of the complaint against it; and (2) give the EEOC sufficient time to attempt conciliation between the parties prior to the commencement of suit. Grayson, 79 F.3d at 1102-03. The policy behind the piggybacking rule is to give proper effect to the remedial purposes Title VII and to include suitable plaintiffs in a suit, even though "they have not performed the 'useless act of filing a charge.'" Grayson, 79 F.3d at 1103; see also Oatis v. Crown Zellerback Corp., 398 F.2d 496, 498 (5th Cir. 1968) ("It would be wasteful, if not vain, for numerous employees, all with the same grievance to have to process many identical complaints with the EEOC. If it is impossible to reach a settlement with one discriminatee, what reason would there be to assume the next one would be successful.").[4]

Grayson dealt with a rather convoluted class action under the Age Discrimination in Employment Act of 1967 ("ADEA"). Grayson involved two sets of plaintiffs, which the Eleventh Circuit panel tersely noted should have been included in one class, 79 F.3d 1092 n.2,

---

[3] This test has been termed the "piggybacking rule" and the "single filing rule." The terms are synonymous and will be used interchangeably.

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit, including Unit A, handed down on or before September 30, 1981.

comprised of K-Mart store managers who were demoted or terminated between the years of 1990 and 1992. The EEOC charge upon which the putative plaintiffs sought to piggyback was filed on June 14, 1991. The court overturned the district court judge's ruling regarding the temporal scope of the opt-in class which would have admitted putative plaintiffs on whose claims the statute of limitations had already expired. Id. at 1101. The Eleventh Circuit's specific holding dealt with the timely filing of a putative plaintiff's consent to opt into a class under the ADEA. However, the principle behind the holding remains relevant in non-class action Title VII piggybacking claims: "A contrary ruling would mean that the piggybacking rule could be applied to virtually eliminate the statute of limitations...." Id. at 1107.

Calloway, relied on by plaintiff Grapes, is more on point as it involves a non-class action group of plaintiffs filing under Title VII. Calloway involved Title VII claims for wage discrimination, and considered specifically whether wage discrimination is a single or continuing violation. The Eleventh Circuit ultimately decided that wage discrimination is a continuing violation under Title VII. 986 F.2d at 448-49. In so holding, the court ruled that the plaintiff's piggyback claim was allowable as the alleged discrimination, the date the plaintiff resigned, occurred within the 180 day time period prior to the date the piggybacked EEOC charge was filed. Id. at 448. However, if the court had ruled that wage discrimination occurred only on the date the allegedly discriminatory wage came into effect, then the plaintiff would have been disallowed from piggybacking his claim as he was hired, and his wage set, far more than 180 days prior to the date the piggybacked EEOC charge was filed.

Brooks, brought in the northern district of Alabama, dealt with a non-class action group of plaintiffs bringing suit under the ADEA. The plaintiff in Brooks was terminated by his

5

employer on July 23, 1993, as a result of allegedly unlawful employment practices under the ADEA. He sought to piggyback on the EEOC charge filed on January 10, 1994 by another plaintiff with a similar claim. Judge Blackburn held that a putative plaintiff may only piggyback, analogizing it to opting into a class action, "if the putative plaintiff could have timely filed his own administrative charge on the same date that the plaintiff filed his notice with the EEOC." 164 F.R.D. at 570 (citing Pandis v. Sikorsky Aircraft Div. Of United Technologies Corp., 431 F. Supp. 793, 798 (D. Conn. 1977) ("Claims that were time-barred on the date that plaintiff filed his suit cannot be revived by the commencement of a putative class action.")).

Other courts have followed this general rationale. See, e.g., Laffey v. Northwest Airlines, Inc., 567 F.2d 429, 472 (D.C. Cir. 1976) ("That filing, it seems clear, however, cannot revive claims which are no longer viable at the time of the filing. Any other result would produce an anomaly."); Morton v. ICI Acrylics, Inc., 69 F. Supp. 2d 1038, 1044 (W.D. Tenn. 1999) ("The particular question in this case is whether the single filing rule will allow piggybacking by plaintiffs whose time limit for filing had already run at the time of the filing they wish to join. The answer is no."); Thiessen v. General Electric Capital Corp., 996 F. Supp. 1071, 1078 (D. Kan. 1998) (only similarly situated opt-in plaintiffs permitted to join who could have filed timely EEOC charges on the date the piggybacked plaintiff filed his charge of discrimination); Pandis, supra. Plaintiff Grapes has cited no cases, and the court has failed to find any, which hold that a putative plaintiff whose statute of limitation has expired may still piggyback onto another plaintiff's timely filed EEOC charge.

Statutes of limitations "are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories

6

have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." Order of R.R. Telegraphers v. Railway Express Agency, 321 U.S. 342, 348-49 (1944). However, the statute of limitations for Title VII claims is subject to waiver, estoppel, and equitable tolling. See Zipes v. Trans World Airlines, Inc. Independent Federation of Flight Attendants, 455 U.S. 385, 393 (1982).

Applying what appears to be the law in the Eleventh Circuit, it seems that there are two aspects of the "same time frame" requirement. First, it appears to relate to the factual situation surrounding the alleged discrimination, i.e. that the same actions were being perpetrated on the putative plaintiffs around the same time. In this case, it does appear that plaintiffs Grapes and Johnson were allegedly subject to the alleged discrimination around the same time in the course of their employment. Second, it appears to relate to the time frame surrounding the filing of the EEOC charge on which the putative plaintiff seeks to piggyback. Based on case law discussed above, for a putative plaintiff to piggyback on to the EEOC charge of another plaintiff, the putative plaintiff must have been subject to the alleged discrimination within 180 days prior to the date the timely EEOC charge was filed. See Calloway, 986 F.2d at 448 ("Calloway's claim is timely only if the alleged wage discrimination occurred after August 18, 1987, 180 days prior to the date Steward filed her EEOC charge."). In other words, plaintiff Grapes must have been subject to the alleged discrimination within 180 days prior to September 22, 1999. Plaintiff Grapes asserts that she was forced to resign from her position around October, 1998, well over

7

180 days from September 22, 1999. Based on this, her piggybacking attempt is time-barred.[5] See Grayson, 79 F.3d at 1107 ("A contrary ruling would mean that the piggybacking rule could be applied to virtually eliminate the statute of limitations....").

## CONCLUSION

Based on the foregoing, defendant Gage's Motion to Dismiss any and all Title VII claims brought by plaintiff Grapes (Counts IX, X, and XI of the Amended Complaint) will be granted. Plaintiff Grapes's EPA claim (Count VIII) remains.

This 20th day of April, 2000.

/s/ Robert B. Propst
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff Grapes has not alleged, and the court cannot find, any evidence in the record to support a reason to equitably toll the statute of limitations.

8