UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
01 FEB 12 PM 2:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MEGHAN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV-99-PT-3199-M |
| ) | |
| GAGE MERCHANDISING ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

ENTERED
FEB 12 2001

## MEMORANDUM OPINION

This cause comes to be heard upon plaintiff Meghan Johnson's ("the plaintiff") Motion to Alter or Amend Judgment and Plaintiff's Response to Court's Order of December 18, 2000, filed on December 29, 2000.

### FACTS

The facts of this case have been discussed in exhaustive detail in this court's forty-page memorandum opinion, filed on December 18, 2000. To save time and space, the court will not revisit them. The court's December 18 memorandum opinion awarded summary judgment to the defendant on the vast majority of the plaintiff's multitudinous claims, leaving only her Equal Pay Act claims and her Title VII pay discrimination claims, both using male crew assistants as comparators. A summary of these conclusions, the tangible result of hours of research and over 20 pages of written analysis and discussion, are reproduced below:

> "District courts have often been admonished by appellate courts to define and refine the issues. This case is a typical example of the "kitchen sink" kind of complaint that requires much time and effort to attempt to reduce to essence.

1

70

Based upon the foregoing discussion, the court reaches the following conclusions:

(1) It is clear that the plaintiff was neither actually, constructively, nor "effectively" terminated by the defendant. She apparently acknowledges that she was not actually or constructively terminated. For reasons discussed above, the court concludes that she was not "effectively" terminated.

(2) The court concludes that the plaintiff has not offered substantial evidence sufficient to establish a reasonable inference of any FMLA claim. She had notice of her rights. The evidence does not show that she was engaging in a continuous course of treatment. She received all the leave that she requested until she resigned. See other discussion above. See also Graham and Cash, *supra*, for other comparisons.

(3) The court concludes that the plaintiff cannot recover under either the EPA or Title VII based on comparing pay with crew coordinators who had more responsibility and were otherwise not similarly situated.

(4) The court concludes that the plaintiff cannot recover under the FLSA. The plaintiff has not submitted evidence that she performed overtime work for which she was not properly paid, other than bald assertions in her own deposition that are no more specific than "I worked overtime hours for which I wasn't paid." PIMMS records show that Johnson actually submitted overtime hours throughout her employment and was paid for her the hours that she reported. She has not submitted sufficient evidence to show that she worked the hours that she claims as a matter of just and reasonable inference under Anderson.

(5) The plaintiff has made a number of conclusory discrimination claims. In many instances there is no evidence of an adverse action. In any event, many of the claims are based on alleged hostility with no evidence of gender-based animus.

The only possible claims that remain are the plaintiff's EPA claims and the Title VII pay discrimination claim based on a comparison with the other crew assistants. In this regard, the court directs the parties to, within 10 days, call to the court's attention admissible evidence now in the record of:
Defendant- specific evidence supporting a claim of a "seniority system" as discussed above.
Plaintiff- male crew assistants who were allegedly paid more for

2

>the same or similar work or for equal work which requires equal skill, etc.
>In such instance, the parties will file nothing but direct quotes from depositions, etc., and exhibit excerpts; not paraphrasing, argument, etc. The parties will have 7 days to respond."

## ARGUMENT

The plaintiff, in her motion to alter this court's judgment, now argues that: (1) this court did not address the plaintiff's gender-based disparate treatment claim, specifically, that she was required to produce a physician's certification to miss work, and that her requested raise was conditioned upon obtaining occupational certification and that the male employees were not given such requirements; (2) this court's determination that she was not similarly situated with the crew coordinators, based on the crew coordinators' possessing superior responsibility for their stores, is erroneous and should be altered; and, finally, (3) this court's determination that the plaintiff has not shown that she worked overtime hours for which she was not paid is erroneous in light of the plaintiff's evidence of PIMMS's practice of "rolling over" overtime hours into the next week.

The plaintiff has introduced no new evidence that, at the time of the defendant's motion for summary judgment, was unavailable to her. She cites to no new case law, unavailable at the time of the defendant's motion for summary judgment, that dictates a change in the outcome. She merely asserts that this court's conclusions are incomplete, incorrect, and based on a "misunderstanding of [the] evidence." (See Plaintiff's Motion to Alter, p. 2, 4, 8). She asks, in essence, for this court to "revisit" these issues and to alter its conclusions in the December 18 memorandum opinion.

The defendant argues that the plaintiff's motion has no legal basis. It asserts that Federal Rule of Civil Procedure 59(e), which provides for the discretionary alteration of a judgment in

3

limited circumstances, does not allow an alteration of this particular judgment. It notes that the plaintiff identifies neither a change in the controlling law nor newly discovered evidence. It also argues that the plaintiff has not demonstrated that this court clearly erred in its application of the controlling law or that manifest injustice has been committed. It contends that the plaintiff's current motion is nothing more than a recapitulation of her prior arguments in an attempt to entice this court to review its prior judgment *de novo*.

## DISCUSSION

### Summary judgment standard

It would, perhaps, be helpful to reiterate the standard for summary judgment when the non-moving party shoulders the burden of proof. When the non-moving party has the burden of proof at trial, it must come forward with sufficient evidence on <u>each element</u> that must be proved. <u>Earley v. Champion International Corp.</u>, 907 F.2d 1077, 1080 (11th Cir. 1990). If the evidence is merely colorable or is not significantly probative, summary judgment may be proper. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986). Summary judgment is appropriate <u>if on any element</u> there would be insufficient evidence to require submission of the case to a jury. <u>Earley</u>, 907 F.2d at 1080. "The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence <u>of an element essential</u> to that party's case, and on which that party will bear the burden of proof at trial. In such circumstances, there can be 'no genuine issue of material fact,' since <u>a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial</u>." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 106 S. Ct. 2548, 2555 (1986)(emphasis added).

### This court's prior conclusions

Disparate treatment

This court addressed the plaintiff's gender discrimination claims from pages 27 to 38 of the December 18 memorandum opinion. Contrary to the plaintiff's assertions in her current Motion to Alter, this court addressed the plaintiff's allegations of disparate requirements for medical leave and pay raises on pages 31-32. Among this court's findings were: (1) The plaintiff has not demonstrated an adverse employment action, see Memo op. at 32-34, 39; (2) Although she has made conclusory allegations of hostility, the plaintiff has not provided evidence of discriminatory animus, see Memo op. at 39. Because they both implicate an essential element of a gender discrimination claim, either one of these findings is sufficient to award summary judgment to the defendant.

Crew coordinators as comparators

This court addressed the suitability of crew coordinators as comparators for wage/gender discrimination purposes on pages 19-21, 29-30, 38-39. This court found that the plaintiff, as a crew assistant, could not be adequately compared to the crew coordinators because the crew coordinators shouldered the ultimate responsibility for the management of the store, and because they exercised supervisory authority over the crew assistants. The plaintiff, in her Motion to Alter, argues that this finding was based on an application of an incorrect legal standard.

In order to establish a prima facie case for pay discrimination under the Equal Pay Act, a plaintiff must show she was a paid a lower wage than a male employee, for "equal work on jobs the performance of which requires equal skill, effort, and responsibility . . . ." Beavers v. American Case Iron Pipe Co., 975 F.2d 792, 801 (11th Cir. 1992)(emphasis added). This court found that the plaintiff could not prove that she and the crew coordinators shared equal responsibility. Evidence for both sides demonstrated, instead, that the crew coordinators had

5

supervisory authority over the plaintiff and the other crew assistants, and that the crew coordinators bore the ultimate responsibility to see that their stores operated properly. The evidence showed that the plaintiff and the other crew assistants did not carry such a responsibility. The plaintiff cannot show that the levels of responsibility and authority between the crew coordinators and the crew assistants are even substantially similar. This court's application of the EPA's standard was reasonable and correct.

Similarly, to prove a prima facie case of pay discrimination under Title VII, a plaintiff must show that the job that she occupied was similar to higher-paying jobs occupied by males. Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1529 (11th Cir. 1992). Again, this court found that, based on the differences in supervisory authority and management responsibility between the crew coordinators and crew assistants, the plaintiff could not show that the male crew coordinators were sufficiently similarly situated to the plaintiff to serve as comparators, even under the relaxed standards of Title VII. This court's application the Title VII standard was reasonable and correct.

FLSA Claim

Finally, this court will briefly address the plaintiff's assertion that it has "misunderstood" the plaintiff's evidence of unpaid overtime. In the December 18 memorandum opinion, this court devoted pages 23-27 to a thorough analysis of FLSA law and the plaintiff's evidence. The court found that the plaintiff's vague, conclusory allegations that she had worked overtime hours for which she was not paid were not sufficiently specific to make out an FLSA claim. In order to prove a standard FLSA claim, the plaintiff must be able to show that she worked a certain, specific amount of overtime on a certain, specific day. See memo opinion, p. 25. Usually the employer's payroll records are sufficient to demonstrate the unpaid overtime. In this case, the

employer's payroll records demonstrate that, contrary to the plaintiff's allegations that she was required to roll the overtime hours into the next week, the plaintiff regularly reported overtime hours and was paid for them. If a plaintiff can demonstrate that an employer's records are inadequate or inaccurate, he can recover under the FLSA for overtime work that he can prove as a matter of just and reasonable inference. In this case, this court found that the plaintiff had neither proven that the defendant's records are inadequate or inaccurate, nor that, even if they were inadequate and inaccurate, the evidence that she presented showed that she actually worked specific overtime hours for which she was not paid. See Memo opinion, p. 26-27. Again, this court's conclusion was reasonable and correct.

## CONCLUSION

The court concludes that the plaintiff's said motion will be Denied.

This 10th day of February, 2001,

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

7